Exhibit 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Retrophin, Inc. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 8:14-CV-00026 - JLS (JPR) |
| Questcor Pharmaceuticals, Inc. ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Marathon Pharmaceuticals, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A.

| Place: Ropes & Gray LLP<br>191, North Wacker Drive, 32nd Floor<br>Chicago, IL 60606-4302 | Date and Time: December 22, 2014 at 9:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: November 20, 2014

| *CLERK OF COURT* | OR | *R C 2* |
|---|---|---|
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant
Questcor Pharmaceuticals, Inc.                                              , who issues or requests this subpoena, are:
Rocky C. Tsai, Ropes & Gray LLP, Three Embarcadero Ctr., SF CA 94111, rocky.tsai@ropesgray.com, (415) 316-6300

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

11-21-14

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 8:14-CV-00026 - JLS (JPR)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

Defendant Questcor Pharmaceuticals, Inc. hereby propounds the following document requests ("Requests") upon Marathon Pharmaceuticals, LLC, pursuant to Federal Rules of Civil Procedure 26, 34(c), and 45, and pursuant to the procedures and schedule set by the Court. In accordance with the Definitions and Instructions set forth below, the documents requested herein are to be produced for inspection and copying at the offices of Ropes & Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, Illinois 60606, to the attention of Rocky C. Tsai, within thirty (30) days following the date of service of these Requests, or at such time and place as may be agreed upon between Questcor Pharmaceuticals, Inc. and Marathon Pharmaceuticals, LLC.

## DEFINITIONS

1. "Marathon," "you," "your," and "your company" means, both individually and collectively, Marathon Pharmaceuticals, LLC and its present and former subsidiaries, affiliates, employees, directors, and agents.

2. "Questcor" means Questcor Pharmaceuticals, Inc., and its present and former subsidiaries, affiliates, employees, directors, and agents.

3. "Novartis AG" shall mean Novartis AG, its present and former subsidiaries, affiliates, employees, directors, and agents.

4. "Synacthen" means the synthetic adrenocorticotrophic hormone known as Synacthen and Synacthen Depot.

5. "Acthar" means H.P. Acthar Gel, the repository corticotropin injection marketed by Questcor.

6. "Relevant Time Period" means the time period beginning January 1, 2012, through and including the present date, unless a different time period is specified in any individual request.

7. "Drug Product" means a finished dosage form (e.g., tablet, capsule, solution) that contains an active drug ingredient generally, but not necessarily, in association with inactive

ingredients. The term also includes a finished dosage form that does not contain an active ingredient, but is intended to be used as a placebo.

8. "Nephrotic Syndrome" means the condition whereby excessive protein is being secreted through the urine, which can lead to kidney failure, and any cause of such condition, including Membranous Nephropathy, focal segmental glomerulosclerosis, IgA nephropathy, minimal change disease, membranoproliferative glomerulonephritis, lupus nephritis, or diabetic nephropathy.

9. "Membranous Nephropathy" means the disease in which small blood vessels in the kidney become inflamed and thickened, leading to excessive protein being secreted through the urine.

10. "Infantile Spasms" means the disorder that causes epileptic type seizures in infants, also known as West Syndrome.

11. "Orphan Drug Designation" means the granting of special status by the United States Food and Drug Administration ("FDA") to a Drug Product to treat a rare disease or condition.

12. "Orphan Drug Exclusivity" means the period of exclusive marketing rights granted by the FDA upon designating a Drug Product as an orphan drug.

13. "Active Pharmaceutical Ingredient" means any substance or mixture of substances intended to be used in the manufacture of a drug (medicinal) product that, when used in the production of a drug, becomes an active ingredient of the Drug Product.

14. "Communication" means any disclosure, transfer, transmission, or exchange of data, facts, expression, thought, opinion, or other information of any kind, however made.

15. The term "document" is used in the broadest sense permissible under Rule 34 of the Federal Rules of Civil Procedure, and includes, but is not limited to, any written, recorded or tangible graphic or electronic matter, and includes any means of preserving data, expression, facts, opinions, thoughts, images or other information of any kind, public or private, including but not limited to all non-identical copies, drafts, subsequent versions, worksheets and proofs, however created or recorded, regardless of whether approved, sent, received, redrafted or

2

executed, including but not limited to: hard copies, audio tapes, agreements, annotations, calendars, contracts, communications, correspondence, data or information of any kind recorded on compact discs, digital video diskettes or any other type or form of diskettes for use with computers or other electronic devices, any hard drives, diary entries, electronic or computer files or recordings of any kind, e-mails, text messages, memoranda, notes, photographs, reports, summaries, notes or other recordings of telephone conversations, telephone slips and logs, tape or sound recordings, video cartridges and videotapes, and sites, databases, or any other information preserved by any other means of information storage or retrieval. The term includes any communications, information, messages, or postings to or transmitted on social media, including but not limited to both official and personal accounts on Twitter, AOL Instant Messenger, Google Chat, Facebook, WhatsApp or any other social media services.

16. "All" shall be construed to include "any" and "each," "any" shall be construed to include "all" and "each," and "each" shall be construed to include "all" and "any," in each case as is necessary to bring within the scope of the Requests all documents that might otherwise be construed as outside their scope.

17. The connectives "and" and "or" shall be construed either conjunctively or disjunctively in order to bring within the scope of the Requests all responsive documents which might otherwise be construed to be outside of their scope.

18. "Includes" or "including" means including, but not limited to and including without limitation.

19. "Relate to" or "relating to" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

20. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense, and vice versa, where the clear meaning is not distorted. The term "or" shall mean "and" and vice versa, as necessary to bring within the scope of the following document requests all information or documents that would be excluded absent this definition.

3

## INSTRUCTIONS

In addition to the specific instructions enumerated below, the instructions set forth in Rules 26, 34, and 45 of the Federal Rules of Civil Procedure and Local Civil Rule 34-2 are incorporated herein by reference.

1. These Requests shall be deemed continuing in nature in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. If, after producing the requested documents, Marathon becomes aware of any further documents responsive to these Requests, Marathon shall promptly produce such additional documents in accordance with the instructions set forth herein.

2. No Request shall be construed with reference to any other Request for purposes of limitation.

3. The Requests shall be deemed to call for the production of the original document or all documents to the extent that they are in your possession, custody, or control or within the possession, custody, or control of all other persons acting or purporting to act on your behalf, and are to include all copies, and to the extent applicable, drafts or copies of all documents which, as to content, differ in any respect from the original or final draft or from each other, for example, by reason of handwritten or other notes or comments having been added to one copy of the document but not to the original or other copies thereof.

4. The documents requested herein shall be produced as they are kept in the usual course of business, or shall be organized and labeled to correspond to each Request. All documents that are physically attached to each other when located for production shall be left so attached. Documents that are segregated or separated from other documents, whether by use of binders, files, subfiles, or by dividers, tabs, or any other method, shall be left so segregated or separated. All labels or other forms of identification contained, placed, attached, or appended on or to any binders, files, subfiles, dividers or tabs shall be produced.

5. Each Request for documents shall be deemed to include a request for any or all transmittal sheets, cover letters, exhibits, enclosures or attachments to each document, in addition to the document itself, without abbreviation or expurgation.

6. For any documents that constitute electronically stored information, such documents are requested in electronic form.

7. If any document responsive to a Request was formerly in your possession, custody, or control and has been destroyed, discarded, or otherwise lost, the document shall be identified by stating: (a) the nature of the document, the number of pages, its subject matter and its contents, including but not limited to any attachments or appendices; (b) the author of the document and all persons to whom the substance of the document was sent, including but not limited to cover copies or blind copies; (c) the date on which the document was prepared or transmitted; (d) the date on which the document was lost, discarded, or destroyed; (e) the person who authorized and carried out the destruction; and (f) the name of any custodian of any existing copies of the document. If no documents or things exist that are responsive to a particular paragraph of these Requests, so state in writing.

8. If any document responsive to the Requests comes into the possession, custody, or control of you, your agents, your attorneys, or any other person acting on your behalf after your response to these Requests, you shall immediately produce such documents to the undersigned attorneys for inspection and copying.

9. Each of these Requests shall be construed independently and shall not be limited by any other Request.

10. If any Request cannot be complied with in full, it shall be complied with to the extent possible, with an explanation as to why full compliance is not possible.

11. If any of the documents requested below are claimed to be privileged or are otherwise withheld, set forth with respect to each such document facts of sufficient specificity to permit the Court to make a full determination as to whether the claim of privilege is valid, including each and every fact or basis upon which said privilege is claimed. In particular, and without limiting the generality of the foregoing, set forth with respect to each such document: (a) the author(s) of the document; (b) the date of the document; (c) the recipient(s) of the document; (d) the title of the document, if any, or other identifying data; (e) the type of document (e.g.,

Case No. 8:14-CV-00026 – JLS (JPR)
ATTACHMENT A TO DEFENDANT QUESTCOR PHARMACEUTICALS, INC.'S SUBPOENA FOR PRODUCTION OF DOCUMENTS TO MARATHON PHARMACEUTICALS, LLC

memorandum, letter); (f) in summary, the nature and subject matter, thereof; and (g) the privilege asserted and any statute which you contend supports your assertion of the privilege.

12. Questcor reserves its rights to serve additional or supplemental requests for documents as appropriate.

13. If, in answering these Requests, Marathon claims that a Request, or a definition or instruction applicable thereto, is ambiguous, Marathon shall not use that claim as a basis for refusing to respond, but rather shall set forth as a part of the response the language believed to be ambiguous and the interpretation used to respond to the individual Request.

14. Unless otherwise specified, each Request calls for the production of all documents and communications described that were created, sent, received, exchanged, reviewed, examined, referenced, discussed, modified, revised, circulated, posted, considered, relied upon or used during and/or that concern or reference the Relevant Time Period, as that term is defined herein.

## DOCUMENT REQUESTS

1. Your organizational charts for each of the years 2012, 2013, and 2014.

2. All documents relating to communications between you and the Federal Trade Commission ("FTC") relating to Synacthen, Acthar, or Questcor, including without limitation all documents produced to the FTC relating to Synacthen, Acthar, or Questcor.

3. All documents relating to communications between you and Novartis AG relating to Synacthen, Acthar, or Questcor.

4. All documents relating to your consideration, evaluation, purchase, licensure, or acquisition of Synacthen, potential or otherwise, including but not limited to documents relating to:

    a. any reasons, strategy, or business case for acquiring the rights to Synacthen;

    b. any reasons, strategy, or business case for not pursuing the acquisition of the rights to Synacthen by submitting a higher bid;

6

Case No. 8:14-CV-00026 – JLS (JPR)
ATTACHMENT A TO DEFENDANT QUESTCOR PHARMACEUTICALS, INC.'S SUBPOENA FOR PRODUCTION OF DOCUMENTS TO MARATHON PHARMACEUTICALS, LLC

    c.    the terms, structure, or amount of all proposed bids, offers, licensing agreements, or asset transfers for Synacthen;

    d.    any post-closing commitments, including any financial or regulatory milestones;

    e.    any due diligence conducted relating to Synacthen and any related assets;

    f.    any analysis, discussion, or evaluation of the value of the Synacthen and any related assets for sale by Novartis; and

    g.    any term sheet, agreement, deal documents, press releases, or proposed or agreed upon closing date.

5. All documents relating to Synacthen, including but not limited to documents relating to:

    a.    FDA review and approval of Synacthen as a potential treatment for Infantile Spasms, Nephrotic Syndrome, Membranous Nephropathy, or any other indication;

    b.    timing, expenditures, and probability of successes relating to FDA review and approval of Synacthen for any indication;

    c.    evaluations or efforts relating to Synacthen's potential for Orphan Drug Designation or Orphan Drug Exclusivity;

    d.    evaluations or efforts relating to marketing exclusivity, including but not limited to the filing of patents, relating to Synacthen;

    e.    similarities or differences between Synacthen and Acthar relating to chemical identity, safety, efficacy, or therapeutic effects;

    f.    discussion, consideration, or analysis of developing ACTH products other than Synacthen Depot, whether ACTH 1-24 or otherwise, as a potential treatment for Infantile Spasms, Nephrotic Syndrome, Membranous Nephropathy, or any other indication;

    g.    actual or potential competitors in each indication for which you evaluated Synacthen;

h. the transition and integration of Synacthen and any related assets;

i. the manufacture, supply, and testing of the Active Pharmaceutical Ingredient in Synacthen;

j. the manufacture, supply, and testing of the Synacthen Drug Product;

k. Synacthen's formulation and any planned or considered reformulation;

l. Synacthen's safety or efficacy;

m. pre-clinical or clinical studies or data relating to FDA approval of Synacthen, including but not limited to documents relating to the number of patients, duration, potential sites, and cost of such studies; and

n. your planned, anticipated, projected, or potential budgets, pricing, sales, revenues, margins, profitability, market shares, market conditions, and advertising, marketing or sales strategies relating to Synacthen.

8

Case No. 8:14-CV-00026 – JLS (JPR)
ATTACHMENT A TO DEFENDANT QUESTCOR PHARMACEUTICALS, INC.'S SUBPOENA FOR PRODUCTION OF DOCUMENTS TO MARATHON PHARMACEUTICALS, LLC